UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH DICESARE, CARMEN NICOTERA, SR.,
CARMEN NICOTERA, JR., DANIEL WELLINGTON,
JACK ENDRYCK, RICHARD ALEXANDER,
ROBERT KORRIE, and PETER HALLCOK, as
Trustees of LABORER'S LOCAL NO. 35
PENSION FUND, DEFINED CONTRIBUTION
FUND and HEALTH CARE FUND,

                                                        Plaintiffs,

    -v.-                                                             6:06-CV-00124
                                                                            (NPM/GHL)

ARCURI CONSTRUCTION, LLC,

                                                         Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Office of David A. Kline<br>7136 East Genesee Street<br>Fayetteville, NY 13066 | David A. Kline, Esq. |
| Office of Robert M. Cheverie & Associates<br>Commerce Center One, Suite 101<br>333 East River Drive<br>East Hartford, CT 06108 | Robert M. Cheverie, Esq. |
| FOR THE DEFENDANT | |
| Office of Diane M. Martin-Grande<br>301 Black River Boulevard<br>Rome, NY 13440 | Diane M. Martin-Grande, Esq. |

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

Plaintiffs Joseph Dicesare, Carmen Nicotera, Sr., Carmen Nicotera, Jr., Daniel Wellington, Jack Endryck, Richard Alexander, Robert Korrie, and Peter Hallcok ( the "Trustees"), as Trustees of Laborer's Local No. 35 Pension Fund, Defined Contribution Fund, and Health Care Fund (the "Funds") (collectively, the "plaintiffs"), bring this action against defendant Arcuri Construction, LLC ("Arcuri") pursuant to the provisions of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 515 and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), codified at 29 U.S.C. §§ 1145 and 1132(a)(3).  The plaintiffs allege that Arcuri failed to comply with its statutory and contractual obligations to the Trustees arising by virtue of Arcuri's collective bargaining agreement with the Eastern New York Laborers' District Council, Local Union No. 35 of the Laborers International Union of North America (the "Union").  Currently before the court is the plaintiffs' motion for summary judgment (Doc. No. 20), seeking payment of contributions, interest, liquidated damages and attorneys' fees, an order requiring Arcuri to submit to an audit of its records, and a grant of leave to plaintiffs to renew their motion for summary judgment within sixty days of said audit.  For the

reasons set forth below, the plaintiffs' motion will be granted in its entirety.

**I.     FACTS**

The following facts have been taken from the complaint, Arcuri's answer, and the plaintiffs' motion for summary judgment (the "motion"). Arcuri did not reply to the motion. The Funds are employee benefit plans which provide, <u>inter alia</u>, health, retirement and other related benefits to the eligible participants who perform employment covered by the collective bargaining agreement. The Funds are administered by the plaintiff Board of Trustees, said Trustees being the named fiduciary and plan administrator of the Funds, pursuant to ERISA § 3(21)(A), codified at 29 U.S.C. § 1002(21)(A), and ERISA §3(16)(A), codified at 29 U.S.C. § 1002(16)(A), respectively. (Doc. No. 20-3).

The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).[1] The Funds operate pursuant to the terms of written agreements and a Declaration of Trust [2] (the "Trust Agreements") (Doc. No. 1 at 3). Arcuri and the Union have at all relevant times been parties to and bound by a collective bargaining agreement (the

---

[1] "An employee benefit plan may sue or be sued under this subchapter as an entity." 29 U.S.C.A. § 1132(d)(1) (West 2007).

[2] The Agreement binds the signatory employer to the terms of the Funds' Trust Agreements, and to all of the rules and regulations adopted by the Trustees pursuant to the Trust Agreements. (Doc. 20-5, ¶ 5).

"Agreement") governing the rates of pay, wages, hours and other conditions of employment of union members and others employed by Arcuri within the jurisdiction of the Union ("covered employment"). Pursuant to the Agreement, Arcuri, an employer within the meaning of §§ 3(5) and 515 of ERISA,[3] is required to pay all employees performing covered employment an agreed upon wage rate, and is obligated to submit required information and to pay monetary contributions and/or wage supplements to the Funds in accordance with the terms and conditions of the Agreement and the Trust Agreements in agreed amounts and specified percentages of the wages of employees engaged in covered employment. The Agreement and the Trust Agreements also provide for payment of all unpaid contributions by an employer delinquent in making benefit contributions, together with interest on the unpaid contributions, liquidated damages in an additional sum of up to 20 % of the unpaid contributions, collection costs, attorneys' fees, auditor's fees and legal expenses in accordance with ERISA. (Doc. No. 20-3). See also 29 U.S.C. § 1132(g)(2).

As a result of work performed by individual Arcuri employees, fringe benefit contributions became due and owing to the Funds by Arcuri, covering the period from approximately November of 2004 to the present. The Trustees allege

---

[3] See 29 U.S.C. §§ 1002(5) and 1145.

that Arcuri's failure, refusal and/or neglect to make the required payments, despite demands by the Funds/Trustees, constitutes a violation of the Agreement and the Trust Agreements. Arcuri is bound by Article VI of the Trust Agreement, which provides the Trustees with full authority to pursue the collection of contributions owed the Funds. (Doc. 20-5, ¶ 6).

The Trustees further allege that Arcuri has a duty pursuant to the Agreement and the Trust Agreements to maintain adequate payroll records on its employees, including but not limited to the number of hours worked by its employees for whom fringe benefit contributions have and/or are required to be paid into the Funds. Pursuant to the Agreement and Trusts Agreements, Arcuri is required to permit and cooperate in payroll audits of its books and records by the Funds to allow the Funds to determine that Arcuri has made full payment of the required fringe benefit contributions. The Trustees are seeking an order (1) requiring payment of amounts known to be due the Funds under the bargaining agreement, as well as payment of the plaintiffs' attorneys' fees; (2) requiring Arcuri to provide payroll and other records for audit; and (3) granting plaintiffs leave to renew their motion for summary judgment within a reasonable period following production of Arcuri's payroll records.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Summary Judgment

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82 (2d Cir. 2004). "[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" See Security Ins., 391 F.3d at 83, citing Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), citing Anderson, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving

party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), citing Fed. R. Civ. P. 56(c), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, see Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 124 S.Ct. 540 (2003).

Under ERISA, an employer "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms of such plan or such agreement." 29 U.S.C. § 1145. The prevailing plaintiff in an action pursuant to § 1145 shall be awarded:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
>> (I) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

>   (D) reasonable attorney's fees and the costs of the action,
>   to be paid by the defendant, and
>
>   (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). (West 2007).

### 2.     Unopposed Motion

As stated supra, Arcuri has failed to file a response to the Trustees' motion for summary judgment. However, "the lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair & Co., v. Gottdiener, 462 F.3d 95, 109-10 (2d Cir. 2006). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." Id. (citing Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

In the case at bar, plaintiffs posit and the record corroborates that Arcuri is signatory to and bound by the collective bargaining agreement to contribute to the

Funds for the period covered by this action, i.e., from the date Arcuri executed the Agreement, April 1, 2003, to the present. In addition, Arcuri submitted employer report forms required by the Agreement for November of 2004. Plaintiffs herald this as inherent proof that Arcuri acknowledged that it was bound by the Agreement.

Plaintiffs assert and the court concurs that they, as fiduciaries of the Funds, have a duty to determine contributions due to the Funds under the Agreement, and to make reasonable efforts to collect those contributions. Section five of the Agreement clearly states, inter alia, that "[t]he books and records of each Employer pertinent to his employees shall be made available at all reasonable times for inspection and audit by the accountants of the ... Fund ... [I]n cases where an Employer is delinquent in making contributions, ... the delinquent Employer shall bear the costs of inspection and audit as aforesaid." Here, the plaintiffs have retained Integrated Administrative Services, Inc. ("IAS") to provide third-party administration for the Funds. IAS provides services to the Funds including reporting employer contribution delinquencies, conducting payroll audits of employers required to contribute to the Funds, and monitoring the status of employer payments. IAS has monitored the status of the collection efforts in the case at bar, and has calculated the interest, liquidated damages, collection costs

and attorneys' fees due and sought by the plaintiffs to the extent that said expenses could be calculated without an audit of Arcuri's payroll records. (Doc. No. 20-4). IAS has concluded that Arcuri owes $2314.74 in contributions for November of 2004; interest of $454.03 on the contributions due through March 8, 2007; liquidated damages of $462.95 for the unpaid contributions; attorneys' fees to the law firm of Meyers, Suozzi, English & Klein in the amount of $2,730.58 (Doc. No. 20-4); and attorneys' fees in the amount of $6,820.00 for attorney David A. Klin. (Doc. No. 20-5), for a total of $12,782.30.

Considering the record in its entirety, with substantial weight given to the Agreement signed by Arcuri, the court finds that plaintiffs have met their burden of proof that there is no genuine issue as to any material fact in this case. Accordingly, the plaintiffs are entitled to a judgment as a matter of law, and in concert with the terms of the Agreement and Trust Agreement, Arcuri Construction, LLC is required to pay plaintiffs the amounts due and owing and must submit to an audit of its payroll records. The plaintiffs will be granted leave to renew their motion for summary judgment within 60 days of said audit taking place.

## III.  CONCLUSION

For the reasons set forth above, the Trustees' motion for summary judgment is hereby GRANTED in its entirety.  The Clerk is directed to enter judgment against Arcuri in the amount of $12,782.30.  Further, Arcuri Construction, LLC is ordered to submit to an audit of its records within 30 days of the filing date of this order.  The Trustees are granted leave to renew their motion for summary judgment within 60 days of said audit taking place, or such other period as this court deems just.

    SO ORDERED.

September 25, 2007

_____
Neal P. McCurn
Senior  U.S. District Judge